IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JEFFREY BENTLEY, | : | |
| Plaintiff | : | Civ. No. 20-14407 (RMB) |
| v. | : | **OPINION** |
| DAVID E. ORTIZ, | : | |
| Defendants | : | |

BUMB, District Judge

Petitioner Jeffrey Bentley is incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey. ("FCI Fort Dix.") On October 14, 2020, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking to compel prison staff to provide him with treatment for Hepatitis C. (Pet., Dkt. No. 1.) Prior to any action by the Court, Petitioner filed a "Motion to Strike Recharacterization," in which he submits that he does not want his petition treated as anything other than a petition for writ of habeas corpus. (Mot. to Strike, Dkt. No. 2.) Petitioner also raises a frivolous issue, that as a citizen of the State of Delaware, he is illegally incarcerated with a "criminal alien population" in New Jersey. (Pet., Dkt. No. 1.)[1]

---

[1] The Court takes judicial notice, under Federal Rule of Evidence 201(b), that on February 7, 2006, in the United States District

Pursuant to Rule 4 of the Rules Governing Cases under 28 U.S.C. § 2254, applicable here under Rule 1, scope of the rules, a judge must promptly examine a habeas petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Id. For the reasons discussed below, the Court will dismiss the petition for lack of jurisdiction.

Petitioner contends that he has been denied treatment for hepatitis C at FCI Fort Dix as a cost saving measure, and under the auspice that he is not sick enough to require treatment. (Pet., Dkt. No. 1.) This Court lacks jurisdiction under 28 U.S.C. § 2241 to address a prisoner's condition of confinement claim. See Eiland v. Warden Fort Dix FCI, 634 F. App'x 87, 89 (3d Cir. 2015) (dismissing § 2241 petition and finding proper means for seeking relief for conditions of confinement claims is a civil rights action, after available administrative remedies have been exhausted)). At Petitioner's request, the Court will not

---

Court, District of Delaware, Petitioner was convicted and sentenced to a 264-month term of imprisonment for felon in possession of a firearm, and using and carrying a firearm in relation to and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A)(2). United States v. Bentley, 05-cr-00039-MN (D. Del. July 13, 2006) (Judgment, Dkt. No. 28.) Available at www.pacer.gov. (last visited May 3, 2021).

recharacterize his petition as a civil complaint, but Petitioner is free to do so.

An appropriate Order follows.

Date: **May 3, 2021**

                                   s/Renée Marie Bumb
                                   **RENÉE MARIE BUMB**
                                   **United States District Judge**